IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **KIMBERLY TERRELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   17-cv-2928-JPM-tmp |
| | ) |
| **MEMPHIS ZOO, INC.,** | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Before the court by order of reference is defendant Memphis Zoo, Inc.'s ("Memphis Zoo") First Motion for Sanctions, filed on June 14, 2018. (ECF Nos. 45, 46.) Plaintiff Kimberly Terrell, Ph.D., filed a response on June 27, 2018. (ECF No. 47.) Memphis Zoo filed a reply on July 5, 2018, and Dr. Terrell filed a sur-reply on July 12, 2018, and a Pre-Evidentiary Hearing Memorandum on July 31, 2018. (ECF Nos. 49, 51, 58.) The court held an evidentiary hearing on August 1, 2018. (ECF No. 59.) For the following reasons, the undersigned recommends that Memphis Zoo's motion be denied.

I.   **PROPOSED FINDINGS OF FACT**

At the evidentiary hearing, the court heard from three witnesses, Leah Jenson, H.R. Director for Memphis Zoo, Terry Buckler, IT Manager and Custodian of Records for Memphis Zoo, and

Dr. Terrell, and received into evidence seven exhibits including proof of Dr. Terrell's receipt of the employee handbook, several sets of emails, and a notice that the Equal Employment Opportunity Commission ("EEOC") provided to Memphis Zoo related to an EEOC charge that Dr. Terrell filed.  (ECF No. 60.)

On September 14, 2017, Dr. Terrell had her attorney contact Memphis Zoo and informed it that she had several complaints of discrimination.  (ECF No. 53 at 7; ECF No. 27 at 9.)  On November 1, 2017, Memphis Zoo either ordered or requested that Dr. Terrell not return to her office and that she work remotely.  (ECF No. 53 at 9; ECF No. 27 at 11.)  In order to complete her work, Dr. Terrell needed the ability to access the "G:/" and "H:/" drives located on her computer.  At the start of her employment by Memphis Zoo, Dr. Terrell was assigned the "G:/" drive as a password-protected "personal drive" that she used to store confidential information, such as documentation of medical expenses, information related to a house she purchased, and drafts of reports she was preparing.  Only she and members of the IT department had access to the "G:/" drive.  Dr. Terrell used the "H:/" drive to store all essential information for her work at the zoo, such as the final versions of reports, animal monitoring information, receipts, and budgets.  Other Memphis Zoo staff members could access the "H:/" drive.  Because she had difficulty using a remote desktop program, Memphis Zoo provided her with an external hard

drive containing copies of both drives. On November 13, 2017, Dr. Terrell met with Memphis Zoo for separation negotiations. That morning she also filed a charge of gender discrimination and retaliation with the EEOC. (ECF No. 53 at 9; ECF No. 27 at 11.) On November 27, 2017, Memphis Zoo terminated Dr. Terrell's employment. (ECF No. 53 at 9; ECF No. 27 at 11.) After the termination meeting, Jensen and another employee from H.R. accompanied Dr. Terrell back to her office to assist her with packing up her belongings.

As Dr. Terrell was removing her possessions, Jenson requested proof from Dr. Terrell that certain pieces of equipment she was removing from her office belonged to her and was not property of Memphis Zoo. Dr. Terrell explained that proof of her possession of the items were on her computer and asked permission to use her work computer. Jensen was under the impression that Dr. Terrell intended only to use the internet; however, Dr. Terrell was uncertain whether the information she sought was on the internet or the intranet. Accordingly, she looked for the proof of ownership on both networks. While she was using the computer, Dr. Terrell deleted the contents of the "G:/" drive, having already moved all information that she deemed necessary for future use by Memphis Zoo from the "G:/" drive to the "H:/" drive. At some point that day, she also accessed her work email account, forwarded several emails from her work email account to her personal email

account, and deleted a few emails. Her deleted emails were not destroyed but remained in the deleted email folder and were recoverable. In December of 2017, Memphis Zoo learned that Dr. Terrell had deleted the contents of her "G:/" drive; however, Buckler was able to restore what he believed was a complete copy of the "G:/" drive as it had existed on the night of November 26, 2017.

Dr. Terrell filed the present suit against Memphis Zoo on December 22, 2017, and amended her complaint on July 13, 2018. (ECF Nos. 1, 53.) She asserts that Memphis Zoo's actions constitute gender discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act. (ECF No. 53 at 10.) At a scheduling conference in February of 2018, Dr. Terrell invited Memphis Zoo to examine the "G:/" drive on the external hard drive in her possession to confirm that the drive is identical to the copy of the drive that Buckler recovered. On April 18, 2018, Memphis Zoo served Dr. Terrell with its document requests, among which was a request that Dr. Terrell provide it with all emails, including deleted emails, sent to or from her work email. (ECF No. 34 at 12.) In this request, Memphis Zoo emphasized that it was especially interested in the contents of several email subfolders labeled "Andy et al communications," "Elephants," "Erin issues," "IMLS," "Important," and "Travel." On May 18, 2018, Dr. Terrell

responded to Memphis Zoo's document requests and later supplemented her responses on May 31, 2018, June 4, 2018, and June 6, 2018. (ECF No. 45 at 2–3.) Because Memphis Zoo has full control of Dr. Terrell's work email account, her responses were limited to the complete backup copy of her email account that she made on October 4, 2017, and any emails dated after October 4, 2017, that she could find and forward from an application on her phone that allowed her to access her work email. On July 6, 2018, nearly a month after the instant motion for sanctions was filed, representatives from Memphis Zoo visited the legal offices of Dr. Terrell's attorney for the first time to review the copy of the "G:/" drive on the external hard drive. Although they were able to view the contents of the drive, corruption on the drive prevented them from making a copy of Dr. Terrell's copy of the "G:/" drive.

In the instant motion, Memphis Zoo argues that Dr. Terrell deleted information from her "G:/" drive and emails from her work email account. Memphis Zoo points to Dr. Terrell's work email subfolders to support its motion, explaining as follows:

> These folders have been purged of information. These folders are titled "elephants", which contains zero (0) e-mails, "Andy [Kouba] et all communications", which contains two (2) emails and zero (0) from 2017, "Pandas", which contain zero (0) e-mails, "Travel", which contain (3) e-mails, and "important", which contains three (3) e-mails.

-5-

(ECF No. 45 at 14.) Memphis Zoo also claims that Dr. Terrell did not provide any emails sent after October 4, 2017, and consequently, "[t]his leaves Memphis Zoo without e-mail correspondence from October 4, 2017, through November 27, 2017." (Id.) In response to these accusations, Dr. Terrell provided an affidavit in which she averred that as far as she could remember there were no other emails located in the subfolders. Memphis Zoo then provided the court with copies of emails that it states Dr. Terrell deleted from her "Andy et al" folder. (ECF No. 49-1 at 5.) These emails contain information that is pertinent to Dr. Terrell's reputation and work performance. (ECF No. 49-4.)

At the motion hearing, Buckler testified that he was not aware of any documents missing from the restored "G:/" drive in Memphis Zoo's possession. He testified that, contrary to the claims in Memphis Zoo's briefing, Memphis Zoo does have access to emails in Dr. Terrell's work email account that were sent or received after October 4, 2017. He also testified the "Elephants" and "Andy et al" subfolders contain more emails than those listed in Memphis Zoo's motion. Buckler did not remember restoring any emails that were deleted from Dr. Terrell's work email subfolders. Additionally, Buckler clarified that, because Memphis Zoo turned off Dr. Terrell's access to her work email after she was terminated, the subfolders on her phone application would not repopulate, making it impossible for her to determine what emails

-6-

were contained in the subfolders. He testified that he was not aware of any emails deleted by Dr. Terrell to which Memphis Zoo no longer has access. During closing arguments, counsel for Memphis Zoo admitted that the relevant emails attached to Memphis Zoo's motion were not deleted emails but rather were from the "Andy et al" folder.

Memphis Zoo requests that the court dismiss Dr. Terrell's action with prejudice or, in the alternative, that the court provide the jury with an adverse inference instruction, award Memphis Zoo the costs of hiring a forensic computer specialist to recover the emails and other documents it believes that Dr. Terrell deleted, and award Memphis Zoo $17,406.50 in attorney's fees. (ECF Nos. 58, 58-1, 58-2.)

## II.   PROPOSED CONCLUSIONS OF LAW

Pursuant to the 2015 amendments to Fed. R. Civ. P. 37(e), a court may impose sanctions "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." If the court finds that the lost information results in prejudice to another party, the court "may order measures no greater than necessary to cure the prejudice." Id. "Only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation

may" the court provide the jury with an adverse inference instruction or dismiss the action. Id. Phrased another way, a party seeking adverse inference instructions or dismissal must show as follows:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

Parrish v. Dollar Gen. Corp., 680 F. App'x 423, 427 (6th Cir. 2017) (quoting Beaven v. U.S. Dep't of Justice, 622 F.3d 540, 553 (6th Cir. 2010)); Applebaum v. Target Corp., 831 F.3d 740, 745 (6th Cir. 2016) (noting that "[a] showing of negligence or even gross negligence will not do the trick" for a party seeking an adverse inference instruction for the destruction of electronic information).

Memphis Zoo has not provided any evidence to show that Dr. Terrell destroyed relevant information. Regarding the "G:/" drive, the court notes that the motion for sanctions was filed prematurely because, on June 14, 2018, Memphis Zoo had not yet reviewed the copy of the "G:/" drive in Dr. Terrell's possession to see if it differed in any way from the "G:/" drive it possesses. Moreover, Memphis Zoo has failed to show that Dr. Terrell deleted any information she had a duty to preserve that was not recovered when Buckler restored the "G:/" drive to the saved backup. With

respect to Dr. Terrell's work emails, Memphis Zoo has not shown that Dr. Terrell deleted any relevant emails, much less destroyed them beyond recovery.  In the absence of any proof of destroyed electronic information, the court need not reach the issues of prejudice or intent.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Memphis Zoo's motion for sanctions be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 8, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**